award, the court must confirm the award (CPLR 7511 [e]; *Matter of American Fed. Group v AFG Partners*, 277 AD2d 119, 120 [2000], *lv denied* 96 NY2d 711 [2001]). The motion court's denial of the corporate defendants' motion to vacate the arbitration award against them was affirmed by this Court (37 AD3d 213 [2007]). There is no basis for the award not to be confirmed.

It is undisputed that the corporate defendants have not made the mandated payments under the promissory note and that the individual defendants are responsible for any unpaid amounts thereunder. Thus, the court properly granted plaintiff summary judgment against the individual defendants (*see Takeuchi v Silberman*, 41 AD3d 336, 336-337 [2007]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.

■ In the Matter of SAIFUDDIN ABDUS-SAMAD, Petitioner, v MICKI SCHERER, Respondent. [846 NYS2d 62]—Application for an order pursuant to article 78 of the Civil Practice Law and Rules denied and the petition dismissed, without costs or disbursements. All concur. No opinion. Order filed. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.

■ In the Matter of CAROL SZE YUE KEE, Petitioner, v LAURA VISITACIÓN-LEWIS, Respondent. [846 NYS2d 62]—Application for an order pursuant to article 78 of the Civil Practice Law and Rules denied and the petition dismissed, without costs or disbursements. All concur. No opinion. Order filed. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.

■ EVELYN D. GIACCIO, Respondent, v 179 TENANTS CORP., Appellant. [845 NYS2d 328]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered June 21, 2005, which, insofar as appealed from as limited by the briefs, denied defendant 179 Tenants Corp.'s motion for partial summary judgment dismissing the first cause of action sounding in negligence, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for trial on the remaining causes of action.

Plaintiff contends that heat produced over a long period by a hot water pipe under her living room floor caused the wood subflooring to convert to pyrophoric carbon and spontaneously